# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14-cv-98-FDW

| | |
|---|---|
| **TERRENCE JAVARR ROSS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **RANDY CONNER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Show Cause, (Doc. No. 27); on Plaintiff's Motion to Compel and Motion Requesting Sanctions, (Doc. No. 37); and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 30). In the first two motions, Plaintiff seeks an order from the Court requiring Defendants to file Answers, as well as sanctions against Defendants. Plaintiff also seeks an order from the Court requiring the U.S. Marshal to show proof of service against the named Defendants.

Pro se Plaintiff Terrence Javarr Ross, a North Carolina state court inmate currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina, filed this action on April 21, 2014, pursuant to 42 U.S.C. § 1983, bringing various claims against Defendants, including excessive force, failure to proftect, and unreasonable search and seizure, arising out of an alleged incident on May 14, 2013. In an order dated October 15, 2014, the Court determined that Plaintiff's allegations survived initial review as to Defendants Conner, Mason, and Piercy. (Doc. No. 12). On October 30, 2014, summonses were issued to the U.S. Marshal for service on these Defendants. Defendant Conner filed an Answer in this action on

1

January 2, 2015. (Doc. No. 29). On January 14, 2015, the U.S Marshal returned as unexecuted the summonses for Defendants Piercy and Mason. (Doc. Nos. 32; 33).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendants Piercy and Mason.

Next, as to Plaintiff's Motion to Appoint Counsel, the Court denies Plaintiff's motion for the same reasons the Court denied Plaintiff's first two motions to appoint counsel in the Court's orders dated October 15, 2014, and October 31, 2014. See (Doc. Nos. 12; 15). The Court will also deny Plaintiff's Motion to Show Cause and Motion to Compel and Motion Requesting Sanctions, as these motions have been rendered moot by the fact that the Court is requiring the U.S. Marshal to attempt to locate and serve Defendants Piercy and Mason. Furthermore, to the extent that Plaintiff seeks sanctions against Defendants, this request is denied as sanctions are not

appropriate.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Show Cause, (Doc. No. 27); Plaintiff's Motion to Compel and Motion Requesting Sanctions, (Doc. No. 37); and Plaintiff's Motion to Appoint Counsel, (Doc. No. 30), are all **DENIED**.

2. The U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendants Piercy and Mason. If the U.S. Marshal is unable to locate and obtain service on these Defendants, the U.S. Marshal shall inform the Court of the efforts made in attempting to locate these Defendants.

3. The Clerk is respectfully instructed to certify a copy of this Order to the U.S. Marshal.

Signed: January 26, 2015

Frank D. Whitney
Chief United States District Judge