# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14-cv-98-FDW

| | |
|---|---|
| TERRENCE JAVARR ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RANDY CONNER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Appoint Counsel, (Doc. No. 47), and on Plaintiff's Motion to Compel, (Doc. No. 48).

First, as to Plaintiff's Motion to Appoint Counsel, Plaintiff's motion is denied for the same reasons the Court has denied his prior motions to appoint counsel.

Next, as to Plaintiff's Motion to Compel, Plaintiff alleges that he has a due process right to discovery in this action, and he seeks an order from the Court "advis[ing] the administration of Mountain View Correctional where plaintiff is currently housed to allow Plaintiff to both receive and examine within reason any discovery material relevant to the Plaintiff's action in this court." (Doc. No. 48 at 3). Plaintiff also alleges in the motion to compel that Defendants have conceded that there is video footage of an incident relevant to Plaintiff's excessive force claim in this action. To the extent that Plaintiff seeks to ensure that the prison where he is currently incarcerated allows him to receive discovery that is mailed to him from Defendants, Plaintiff has not alleged that the prison has thus far denied him access to any discovery provided to him from Defendants. At to Plaintiff's contention regarding relevant video footage, discovery is ongoing,

and Defendants are already under a continuing duty to preserve evidence in this action, <u>including any relevant video footage</u>, and to disclose to Plaintiff any discoverable information in this action pursuant to Rule 26 of the Federal Rules of Civil Procedure. As the Court explained in an earlier order, if Defendants destroy any relevant discoverable evidence in this action, they will be subject to sanctions by this Court. (Doc. No. 12 at 12). At this time, however, Plaintiff does not identify any particular discovery request that Defendants have wrongly denied in this action. In sum, Plaintiff's motion to compel requires no action from the Court at this time.

**IT IS THEREFORE ORDERED** that:

(1)  Plaintiff's Motion to Appoint Counsel, (Doc. No. 47), and Plaintiff's Motion to Compel, (Doc. No. 48), are both **DENIED**.

Frank D. Whitney
Chief United States District Judge