UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-98-FDW

| | |
|---|---|
| TERRENCE JAVARR ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RANDY CONNER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on the following motions: Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. No. 51), Defendant Randy Conner's Motion to Amend/Correct Answer to Complaint, (Doc. No. 53), and Plaintiff's Motions for an Order Compelling Discovery, (Doc. Nos. 58; 59; 60; 63; 64; 65; 68; 69). In this action, brought under 42 U.S.C. § 1983, Plaintiff alleges that on March 14, 2013, Defendant Randy Conner, a detective with the Shelby Police Department, used excessive force against Plaintiff at the Cleveland County Detention Center and violated Plaintiff's Fourth Amendment rights while attempting to extract DNA from Plaintiff's person, and that Defendants Mason and Piercy, detention officers with the Cleveland County Sheriff's Department, assisted Conner in using excessive force against Plaintiff and also failed to intervene against the excessive force used by Defendant Conner.

The Court first addresses Plaintiff's motion for leave to amend his Complaint, in which he states that he would like to name additional persons as Defendants and bring additional claims in this action. Plaintiff's motion will be denied because he has not attached a proper proposed amended complaint to his motion. In order to amend his complaint, Plaintiff may not simply add

1

allegations to his already existing complaint as he has done here. Rather, along with a motion to amend the complaint, he must submit a proposed amended complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. That is, a plaintiff may not amend his complaint in piecemeal fashion. Furthermore, once Plaintiff amends his complaint, the original complaint will be superseded, meaning that if an amended complaint omits claims raised in the original complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

Next, as for Plaintiff's motions to compel, (Doc. Nos. 59; 60; 68; 69), against Defendant Conner as to Plaintiff's various discovery requests, the Court has considered Defendant Conner's response to the motions to compel, and the Court is satisfied that Defendant has appropriately complied with Plaintiff's discovery requests, or the time to do so has not yet passed. Therefore, Plaintiff's motions to compel discovery as to Defendant Conner will be denied at this time. Furthermore, the Court will deny Plaintiff's request for monetary sanctions against Defendant Conner.

Next, as to Plaintiff's motion to compel, (Doc. No. 58), as to Defendants Mason and Piercy, Plaintiff seeks an order from the Court requiring these Defendants to answer Plaintiff's interrogatories. Defendants have filed an objection to the motion to compel, seeking an order from this Court staying discovery as to these Defendants until after the Court rules on the qualified immunity issue that Defendants seek to raise in a summary judgment motion. (Doc. No. 50). The Court will allow a stay of discovery as to these two Defendants pending a ruling by the Court on the issue of qualified immunity. To this extent, Plaintiff's motions to compel Defendants Mason and Piercy to comply with discovery requests will be denied at this time, and Plaintiff's request for monetary sanctions will also be denied.

Next, in a separate motion to compel, (Doc. No. 63), Plaintiff seeks an order from the Court compelling officials at Mountain View Correctional Institution, where Plaintiff is currently incarcerated, to turn over a copy of Plaintiff's medical records. Plaintiff states in a Declaration attached to the motion to compel that his health at the time of the alleged used of excessive force is relevant because "even de minimis force could have resulted in paralysis and or death" because of severe spinal damage due to a gunshot wound in Plaintiff's neck. (Doc. No. 63-1 at 2). The Court will deny Plaintiff's motion to compel, as Plaintiff does not allege that the excessive force used against him resulted in paralysis or other serious injury. Rather, he alleges that the force caused "unnecessary pain." (Id. at 15). Plaintiff cannot recover against Conner based on a claim that, because of Plaintiff's fragile physical state at the time of the alleged excessive force, Defendant Conner could have injured Plaintiff more. Rather, any recovery against Defendants in this action must be based on Plaintiff's actual injuries as a result of the alleged excessive force. In sum, the Court will deny Plaintiff's request for an order requiring officials at Mountain View to disclose to Plaintiff all of his medical records. However, the Court does find that Plaintiff is entitled to discover his medical records of any physical examination immediately following the alleged use of excessive force. To this extent, Plaintiff may submit a discovery request to Defendants for production of Plaintiff's medical records based on any examination of Plaintiff following the alleged incident of excessive force. However, to the extent that Plaintiff seeks an order from the Court requiring officials at Mountain View to disclose all of Plaintiff's medical records, Plaintiff's motion to compel will be denied.

Next, in another motion to compel, Plaintiff seeks an order from the Court "to facilitate whatever process . . . necessary to allow Plaintiff to photograph and the inspection of all areas mentioned in the Plaintiff's complaint of the Cleveland County Detention Center located in

Shelby, North Carolina." (Doc. No. 65 at 1). Plaintiff contends that he has the right to "inspection of tangible things" and "the right to enter property under the defendant's control . . . to examine, measure, and photograph." Plaintiff states in a Declaration attached to the motion that he seeks to inspect the location where the alleged incident took place to determine the following things: the proximity of the bench where Defendant Conner allegedly used excessive force and the control room; the ability to see clearly the bench from the control room; the proximity of the bench to the nurse exam room; the line-of-sight between the nurse exam room and the bench; the basic layout and approximate size of the detention center to better understand the chronology between different events in the claim; to determine the distance between the elevator and the bench; and the location of all cameras with an unobstructed view of the bench. (Doc. No. 66 at 1-2).

Plaintiff's motion to compel will be denied. First, a discovery request on a non-party such as the Cleveland County Sheriff's Office would require a subpoena. The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery, including the issuance of subpoenas. See generally FED. R. CIV. P. 26-37, 45. Rule 34 authorizes a party to issue subpoenas to non-parties. FED. R. CIV. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). In any event, Plaintiff may obtain the information he seeks through interrogatories propounded to Defendants, such as distances in the area of the alleged excessive force at the Cleveland County Detention Center. For obvious security reasons, an incarcerated plaintiff is not entitled to the full panoply of discovery, including the right to travel to inspect premises of third parties, particularly where he can obtain discoverable information through written discovery. Accordingly, his motion is denied.

Finally, the Court will grant Defendant Conner's motion to amend/correct the Answer, (Doc. No. 53).

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Leave to Amend Complaint, (Doc. No. 51), is **DENIED** at this time, with permission to refile his motion for leave to amend along with a proposed amended Complaint in accordance with this Order.

(2) Defendant Randy Conner's Motion to Amend/Correct Answer to Complaint, (Doc. No. 53), is **GRANTED**.

(3) Plaintiff's Motions to Compel, (Doc. Nos. 58; 59; 60; 63; 64; 65; 68; 69), are **DENIED**.

Frank D. Whitney
Chief United States District Judge