UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-98-FDW

| | |
|---|---|
| TERRENCE JAVARR ROSS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ORDER ) |
| RANDY CONNER, et al., | ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** comes before the Court on Defendants' two separate motions, filed pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), for an order by this Court allowing Defendants to take a prison deposition of Plaintiff, (Doc. Nos. 83; 91).[1] The first motion was filed on June 23, 2015, while Plaintiff was incarcerated at Piedmont Correctional Institution, and Defendants sought to take Plaintiff's deposition at that prison. The second motion was filed on July 8, 2015, and the motion seeks to take Plaintiff's deposition at the prison where Plaintiff is currently incarcerated—Mountain View Correctional Institution.

Plaintiff opposes Defendants' motions to take his deposition. Plaintiff notes correctly that this Court has entered an order denying Plaintiff's previous motions to compel and staying discovery as to Defendants Mason and Piercy pending a ruling by the Court on the issue of

---

[1] In this action, brought under 42 U.S.C. § 1983, Plaintiff alleges that on March 14, 2013, Defendant Randy Conner, a detective with the Shelby Police Department, used excessive force against Plaintiff at the Cleveland County Detention Center and violated Plaintiff's Fourth Amendment rights while attempting to extract DNA from Plaintiff's person, and that Defendants Mason and Piercy, detention officers with the Cleveland County Sheriff's Department, assisted Conner in using excessive force against Plaintiff and also failed to intervene against the excessive force used by Defendant Conner.

1

qualified immunity as to these two Defendants. See (Doc. No. 76). Plaintiff contends that because the Court has stayed discovery as to these two Defendants, none of the Defendants, including Defendant Conner, should be allowed to take Plaintiff's deposition. This Court does not agree. As there is no stay of discovery as to Defendant Conner, the Court will allow Plaintiff's deposition to be taken at this time.

**IT IS THEREFORE ORDERED** that:

(1) Defendants' Motion for Discovery to Take Prison Depositions, (Doc. No. 91), is **GRANTED**. Defendants shall be allowed to take Plaintiff's deposition at Mountain View Correctional Institution in Spruce Pine, North Carolina. The deposition shall take place at Mountain View Correctional Institution on July 17, 2015, at 1:00 p.m., or at another time as designated by prison officials.

(2) Defendants' Motion for Discovery to Take Prison Depositions, (Doc. No. 83), is **DENIED** as moot because Plaintiff has been transferred away from Piedmont Correctional Institution, and because the Court has granted Defendants' subsequent motion to take Plaintiff's deposition where he is currently incarcerated.

Frank D. Whitney
Chief United States District Judge