**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:14-cv-98-FDW**

| | |
|---|---|
| **TERRENCE JAVARR ROSS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **RANDY CONNER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on the following motions by Plaintiff: Plaintiff's Motions of Compel, (Doc. Nos. 74; 78; 84; 85; and 87), Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. No. 82), and Plaintiff's Motion for Extension of Time to Conduct Discovery, (Doc. No. 92).

1. Plaintiff's Motion to Amend the Complaint, (Doc. No. 82)

Plaintiff filed this action on April 21, 2014, pursuant to 42 U.S.C. § 1983, alleging that, in an incident occurring in May 2013, Defendants Conner, Mason, and Piercy assaulted and used excessive force against Plaintiff while Conner was attempting to obtain DNA evidence from Plaintiff's person at the Cleveland County Jail. On October 15, 2014, this Court conducted an initial review and dismissed several Defendants. On March 24, 2015, this Court entered a scheduling order, setting the deadline for discovery as July 22, 2015, with dispositive motions due by August 22, 2015. On May 4, 2015, Plaintiff filed the pending motion to amend his Complaint. Plaintiff seeks to amend his Complaint to add as a Defendant FNU Stearnes, identified as a Lieutenant with the Cleveland County Sheriff's Department. Furthermore, although Cleveland County Sheriff's Department Captain Derwin Briscoe has already been

1

dismissed as a Defendant in this action, Plaintiff seeks to again name Briscoe as a Defendant. Plaintiff seeks to amend the Complaint to allege a claim against both Briscoe and Stearns for a violation of Plaintiff's due process rights based on their refusal to allow Plaintiff to "press charges" against Defendants Conner, Mason, and Piercy based on their alleged assault on Plaintiff.

Leave to amend should be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15. However, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. Id.

The Court will deny Plaintiff's motion to amend the Complaint because any such amendment would be futile. To state a Section 1983 claim for a deprivation of procedural due process, plaintiff must allege that: (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty or property; and (2) the procedures available did not provide due process of law. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). Procedural due process does not protect every benefit; rather, to have a property interest in a benefit, a person must clearly have more than an abstract need or desire and more than a unilateral expectation of receiving the benefit. Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 756 (2005). "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty'." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999). Only then should a court consider

whether the state's procedures comport with due process.  Id.  The claimant must have a legitimate claim of an "entitlement."  Id.  Entitlements, however, are not established by the Constitution; rather, they are created and defined by existing rules or understandings that stem from an independent source, such as state law.  Id.; see also Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1397 (3d Cir. 1991).  A claimant must show an entitlement to a property interest created by a state statute or regulation or arising from government policy or a mutually explicit understanding.  Carter v. City of Philadelphia, 989 F.2d 117, 120 (3d Cir. 1993); see Baraka v. McGreevey, 481 F.3d 187, 206 (3d Cir. 2007); Rogers v. Bucks Cnty. Domestic Relations Section, 959 F.2d 1268, 1274 (3d Cir. 1992).

The Supreme Court has recognized that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion.  Gonzales, 545 U.S. at 756 (citing Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 462-63 (1989)).  Consistent with that, a private citizen does not have a legal right to compel government officials to arrest or prosecute another person.  Gonzales, 545 U.S. at 767 n.13 (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).  Here, Plaintiff's invocation of his "due process rights" seeks relief based on the alleged decision by Briscoe and Stearns not to arrest or prosecute Defendants Conner, Piercy, and Mason, which is not a cognizable entitlement to a property interest.  As such, Plaintiff fails to state a claim against Stearns and Briscoe for a violation of his due process rights.  Accord Richards v. Heyns, No. 1:14cv908, 2015 WL 1003117, at *10 (W.D. Mich. Mar. 6, 2015) ("It is well established that '[p]rivate citizens, whether or not they are prisoners, . . . cannot compel a criminal investigation or prosecution against another.'  This is so because 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of

another.'  Thus, Officers Etue and Gorski did not violate any federal rights by failing to track or respond to Plaintiff's complaints of criminal activity.") (internal citations omitted); Odom v. Thompson, Civil Action NO. 5:13cvP211-R, 2014 WL 3720675, at *7 (W.D. Ky. July 25, 2014) (where the plaintiff complained that Defendants refused to allow him to press charges against another inmate for attempted murder, finding that "Plaintiff cannot state a constitutional violation under § 1983 for any party's failure to initiate the arrest or prosecution of [the other inmate]"); Earnest v. King, No. 2:11cv738, 2011 WL 5075380, at **2, 10-11 (W.D. Pa. Oct. 24, 2011) (holding that there was no due process violation where the plaintiff alleged that officers refused to press charges against the person who allegedly assaulted the plaintiff).  Because allowing Plaintiff to amend the Complaint to add this claim would be futile, the Court will deny Plaintiff's motion to amend.

    2. Plaintiff's Motion to Compel and Motion in Opposition to Defendant's Motion Allowing Prison Deposition, (Doc. No. 87)

Next, in one of his motions to compel, titled a "Motion to Compel and Motion in Opposition to Defendant's Motion Allowing Prison Deposition," Plaintiff notes that Defendants filed a motion seeking an order from the Court allowing Defendants to depose Plaintiff.  Plaintiff complains that if the Court allows Defendants Mason and Piercy to depose Plaintiff, then the Court's prior order staying discovery as to these two Defendants should no longer be in effect.  Plaintiff contends that it is unfair to allow Defendants to depose Plaintiff in prison, while at the same time refusing to allow Plaintiff to engage these two Defendants in discovery before a ruling on qualified immunity.  The Court notes, however, that discovery has not been stayed as to Defendant Conner, and Defendant Conner joined in the motion to depose Plaintiff.  Defendant Conner has been responding to Plaintiff's discovery requests, and Defendant Conner has the

right to depose Plaintiff. Thus, the Court is allowing the taking of Plaintiff's deposition and the stay of discovery as to Defendants Mason and Piercy will remain in place. To this extent, the Court has granted Defendants' motion to depose Plaintiff. See (Doc. No. 93). After Defendants Mason and Piercy have filed a summary judgment motion asserting qualified immunity, the Court will consider allowing Plaintiff to conduct discovery of these two Defendants before ruling on such motion if the Court deems it equitable to all parties. To this extent, the Court denies Plaintiff's Motion to Compel and Motion in Opposition to Defendant's Motion Allowing Prison Deposition.

      3. Plaintiff's Motion for an Extension of Time to Conduct Discovery, (Doc. No. 92)

Next, the Court considers Plaintiff's motion requesting an extension of time in which to conduct discovery. In support of the motion, Plaintiff complains that Defendants have not responded to Plaintiff's discovery requests, and Plaintiff seeks an extension of the discovery period to September 22, 2015, in order for Plaintiff "to receive and examine requested discovery material." The Court will deny Plaintiff's motion, as the parties have had ample time in this action in which to conduct relevant discovery. If the Court subsequently determines that Defendants have not responded to any discovery requests to which Plaintiff is entitled, the Court will expand the time for Plaintiff to receive discovery responses from Defendants, and the Court will also entertain a motion by Plaintiff for an extension of time to respond to Defendants' dispositive motions.

      4. Plaintiff's Remaining Motions to Compel, (Doc. Nos. 74, 78, 84, and 85)

Finally, the Court notes that, in four of his motions to compel filed with this Court, Plaintiff seeks an order from the Court compelling the following discovery from Defendant Conner: (1) originals or copies of any internal investigation concerning the incident on May 14,

2013; any rules, regulations, and policies of the Shelby Police Department concerning the extraction of DNA by force; all disciplinary reports and/or any reports involving misconduct involving Defendant Conner; originals or copies of Defendant Conner's personal cell phone records for May 14, 2013, from 8:00 a.m. to 12:30 p.m.; list of all cases involving defendant Conner and Plaintiff; any designated documents or electronically stored information concerning the incident on May 14, 2013, between Defendant Conner and Plaintiff, (Doc. No. 84); and (2) Defendant's Answers to Plaintiff's Interrogatories Numbers 1-25, (Doc. Nos. 74; 85). In one of his motions to compel, Plaintiff contends that Defendant Conner previously sent Plaintiff a video in DVD form in response to Plaintiff's discovery requests, but that the North Carolina Department of Public Safety at some point confiscated the video while Plaintiff was in transit from one correctional institution to another.

Defendant Conner shall file a response to Plaintiff's motions to compel. Defendant shall specifically address Plaintiff's contention that the North Carolina Department of Public Safety is withholding from Plaintiff discoverable information in the form of video on a DVD that was allegedly confiscated from Plaintiff before he was transferred to his current place of incarceration. If possible, the parties should seek to resolve the issue of the video on the DVD without further involvement by the Court, including the possibility that Defendant could mail Plaintiff another copy of the video that Plaintiff seeks.

Finally, Plaintiff is hereby advised that the Court will entertain no further motions to compel related to discovery until the Court has ruled on all of the pending motions. Plaintiff is no doubt entitled to discovery in this action, but he has inundated the Court and Defendants with numerous motions to compel over the course of this litigation, some of which are clearly repetitive.

6

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Leave to File an Amended Complaint, (Doc No. 82), is **DENIED**.

(2) Plaintiff's Motion Requesting Extension of Time for Discovery, (Doc. No. 92), is **DENIED**.

(3) Plaintiff's Motion to Compel and Motion in Opposition to Defendants' Motion Allowing Prison Deposition, (Doc. No. 87), is **DENIED**.

(4) Defendant Conner shall submit a response to Plaintiff's Motions to Compel, Docket Numbers 74, 78, 84, and 85, within 20 days of issuance of this Order. Plaintiff shall file no further motions to compel until the Court first has the opportunity to rule on the pending motions.

Frank D. Whitney
Chief United States District Judge