UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-98-FDW

| | |
|---|---|
| TERRENCE JAVARR ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RANDY CONNER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motions to Compel Discovery, (Doc. Nos. 74; 78; 84; 85).

Pro se Plaintiff Terrence Javarr Ross, a North Carolina state court inmate currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina, filed this action on April 21, 2014, pursuant to 42 U.S.C. § 1983. On June 19, 2009, Plaintiff was convicted of, among other things, being a habitual felon in Cleveland County Superior Court. Plaintiff brings various claims against Defendants, including excessive force in violation of his constitutional right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution, failure to protect in violation of the Eighth Amendment, and unreasonable search and seizure in violation of the Fourth Amendment, arising out of an alleged incident on May 14, 2013, when Defendant Conner allegedly used excessive force against Plaintiff while trying to extract DNA from Plaintiff. In his Complaint, Plaintiff named as Defendants: (1) Randy Conner, identified as a detective with the Shelby Police Department; (2) Derwin Briscoe, identified as a captain in the Cleveland County Sheriff's Department; (3)

1

Officer Mason, identified as a detention officer with the Cleveland County Sheriff's Department; (4) Officer Piercy, identified as a detention officer with the Cleveland County Sheriff's Department; (5) Duane D. Terrell, identified as an administrator with Marion Correctional Institution; and (6) Captain McLaughlin, identified as a captain with Marion Correctional Institution. On October 15, 2014, this Court found that the action survived initial review as to Defendants Conner, Mason, and Piercy, but the Court dismissed the remaining Defendants. (Doc. No. 12).

After the Court entered into a scheduling order, the parties commenced discovery. On June 4, 2015, the Court entered an order allowing a stay of discovery as to Defendants Mason and Piercy until a ruling on qualified immunity as to these Defendants. (Doc. No. 76). The discovery period has ended, and Defendants Mason and Piercy have filed a motion for summary judgment. (Doc. No. 99). On May 22, 2015, counsel for Defendant Conner served Plaintiff with Defendant Conner's Responses to Plaintiff's First Request for Production of Documents, together with attachments thereto. On June 3, 2015, Plaintiff filed a Motion to Compel, (Doc. No. 74), regarding Plaintiff's First Set of Interrogatories to Defendant Conner. On June 8, 2015, Plaintiff filed another Motion to Compel, (Doc. No. 78), regarding Plaintiff's First Request for Production of Documents, which Defendant Conner responded to on May 22, 2015. On June 24, 2014, Plaintiff filed another Motion to Compel, (Doc. No. 84), regarding Plaintiff's First Request for Production of Documents, which Defendant Conner responded to on May 22, 2015. On June 24, 2015, Plaintiff also filed a Motion to Compel, (Doc. No. 85), regarding Plaintiff's First Set of Interrogatories to Defendant Conner. On July 22, 2015, counsel served Plaintiff with Defendant Conner's Responses to Plaintiff's First Set of Interrogatories to Defendant Conner.

On July 17, 2015, the Court entered an Order regarding Plaintiff's motions to compel and a video DVD, which Defendants had disclosed to Plaintiff but which was apparently confiscated from Plaintiff during his transit from one prison facility to another. Defendants have informed the Court that on July 27, 2015, counsel mailed another copy of the video DVD to Plaintiff at the Mountain View Correctional Institution, as suggested by the Court.

The Court will deny Plaintiff's motions to compel. Here, Defendant Conner has shown in his response to the motion to compel that he has adequately responded to all discovery requests that do not seek privileged or other materials that are not subject to discovery, such as confidential personnel information. Plaintiff's reply to Defendant Conner's response to the motions to compel shows that Plaintiff takes issue with Defendant's reasons for various objections to certain requested discovery. The Court finds that Defendant has shown that the objections were proper grounds for objecting to various discovery requests. Therefore, Plaintiff's motions to compel will be denied.

Finally, Plaintiff states in his reply that although Defendant Conner did mail him a second copy of the video DVD that Plaintiff requested, officials at Mountain View Correctional Institution have again confiscated the video DVD and will not allow Plaintiff access to it. (Doc. No. 98-1). Plaintiff has mailed the video DVD to the Court, and the Court will review the video in conjunction with the summary judgment materials submitted by the parties.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions to Compel Discovery, (Doc. Nos. 74; 78; 84. 85), are all **DENIED**.

Signed: August 21, 2015

Frank D. Whitney
Chief United States District Judge